*217 OPINION.
Akundell :
The petitioner claims that its invested capital should be increased in the amount of $366,712.50 for good will alleged to have been acquired for stock issued by its predecessor, the New Jersey corporation, in December, 1902, to the 14 companies referred to in our findings of fact.
Counsel for the petitioner frankly admits that while the only object sought to be accomplished by incorporating the petitioner under the laws of Ohio was to change its legal domicile, the effect of the change was to create a new entity, separate and distinct from the New Jersey corporation bearing the same name. We have heretofore held that when a corporation acquires property for stock, excluding the cases which call for an application of the provisions of section 331 of the Revenue Act of 1918, its invested capital is to be measured not by the actual cash value of property paid in to a predecessor corporation for stock, as the petitioner contends, but by the property paid in for stock of the taxpayer. Regal Shoe Co., 1 B. T. A. 896; National Bakers' Egg Co., 3 B. T. A. 1205; Nazareth Cement Co., 4 B. T. A. 1121, and Rosenbaum Bros., Inc., 11 B. T. A. 736. The change of ownership here occurred prior to the year 1917 *218 and section 381 of the Revenue Act of 1918 has no bearing upon the case.
Such evidence as the petitioner presented to prove a value for good will was offered in proof of good will acquired by its predecessor in 1902 in exchange for its stock. None was offered to show the value of the good will acquired by petitioner on the dissolution of its predecessor. There being no evidence before us from which to determine the value of good will acquired by the petitioner as of the dale it took over the assets of the New Jersey corporation, we have no alternative but to affirm the respondent’s action.

Judgment will be entered for the respondent.